# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11cv526
## [BR 10-33189 & 10-03300]

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **REGINA BOSTON,** | ) | **Bankruptcy Case Number** |
| | ) | 10-33189 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | **ORDER** |
| | ) | |
| **REGINA BOSTON,** | ) | |
| | ) | |
| Appellant/Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **EDUCATIONAL CREDIT** | ) | |
| **MANAGEMENT CORPORATION,** | ) | |
| | ) | **Adversary Proceeding Number** |
| Appellee/Defendant. | ) | 10-03300 |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on an appeal filed with the bankruptcy court on October 20, 2011, by appellant Regina Boston, in which she seeks to appeal the Judgment of the bankruptcy court filed and entered October 5, 2011, in the adversary proceeding. Such appeal is on its face untimely as it was filed more than 14 days after entry of the October 5, 2011, Judgment.[1] The court has, however, reviewed in detail the post-judgment proceedings before the bankruptcy court, which reveal that appellant may be able to salvage this appeal for the reasons discussed below.

---

[1] In accordance with Fed.R.Civ.P. 6(a)(1), the court must calculate such period by excluding the day of the event that triggers the period, and count every day thereafter, and then include the last day of the period unless it was a Saturday, Sunday, or legal holiday. Such count began with October 6, 2011, and ended with October 19, 2011. Thus, October 19, 2011, was the last day on which appellant could file this appeal.

Where an appeal is filed more than 14 days after entry of a judgment of a bankruptcy court, this court has no jurisdiction. Parker v. North Carolina Agr. Finance Authority, 341 B.R. 547, 554 (E.D.Va. 2006), *affirmed sub nom* Iles v. North Carolina Agr. Finance Authority, 249 Fed.Appx. 304 (4th Cir. 2007), *citing* Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986). Since this court sits as the appellate court in this matter, it must always address the issue of jurisdiction, even *sua sponte* if necessary. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005); Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 635 (4th Cir. 2002), *certiorari denied* 537 U.S. 1087(2002).

In conducting such review, the court is aware that appellant is *pro se* and has searched the record for indicia that she may have filed such appeal within the time allowed or that the bankruptcy court may have extended the time, either implicitly or explicitly. First, the court has searched the face of the Notice of Appeal. While the Notice provides that appellant signed the notice on October 11, 2011, there is no indicia that she mailed such notice on such date and that it was lost, or that she actually filed such motion in person on or before October 19, 2011, and that it was not filed until October 20, 2011, due to some administrative error. The official file stamp of the bankruptcy court indicates that the notice was filed on October 20, 2011. Without more, the Notice of Appeals is untimely.

In an abundance of caution, the court has reviewed the details of the bankruptcy docket. Internal entries indicate that appellant called the bankruptcy court on October 19, 2011, and was notified that the court had neither received her Notice of Appeal nor her Motion to Reconsider. When so informed, appellant indicated that she would refile the documents. Review of entries on the bankruptcy docket for October 20, 2011, reveals that appellant filed her Motion for Reconsideration (#31) that day and then immediately filed her Notice of Appeal (#32); thus, review of the bankruptcy docket through October 20, 2011,

reveals that the Notice of Appeal was then untimely and that she had not secured an Order from the bankruptcy court extending the filing deadline.

To determine whether the Motion for Reconsideration had any impact on the late-filed Notice of Appeal, the court has considered the bankruptcy court's Order of October 21, 2011, disposing of the Motion for Reconsideration. Rule 8002(b) provides, in relevant part, as follows:

> **(b) Effect of motion on time for appeal.**
> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a <u>timely motion</u>:
> * * *
> (4) for relief under Rule 9024 if the motion is filed <u>no later than 14 days after the entry of judgment</u>.

Fed.R.Bnkr.P. 8002(b)(emphasis added). Close review of the October 21, 2011, Order reveals that the bankruptcy court took up the Motion to Reconsider despite it being filed outside the time allowed under the rule and disposed of the motion on the merits, finding that "Plaintiff has not stated any grounds that would cause me to alter or amend that Order." Order (#35).

Notably, the bankruptcy court did not find the motion to be time barred, but reached the merits of the motion. Thus, the bankruptcy court's decision suggests that, in its sound discretion, it determined that the motion was timely or that grounds existed for the equitable tolling of the deadline for filing such motion. In either event, appellant would have 14 days from the entry of that Order to notice her appeal, making the October 19, 2011, deadline a nullity.

This does not, however, end this court's inquiry, but converts the inquiry from the notice being untimely to the notice being premature. Under Rule 8002(b), appellant would

now have 14 days from the filing of that Order to properly notice an appeal. The Notice of Appeal was, however, filed the day before, a scenario also addressed by the rules, as follows:

> A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.

Fed.R.Bnkr.P. 8002(b)(4). This means that appellant's Notice of Appeal, as it is now before the court, is ineffectual as it was filed the day before the bankruptcy court issued its Order disposing of her Motion to Reconsider. To fix that problem and make that notice effectual, appellant must now file an "Amended Notice of Appeal" in which she states that she is appealing not only the Order and Judgment entered October 5, 2011, but also the Order entered October 21, 2011, denying her Motion for Reconsideration. Appellant is further reminded that she must pay the required filing fee within the time noticed by the Clerk of the bankruptcy court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that appellant file an Amended Notice of Appeal as provided above not later than November 4, 2011.

Signed: October 25, 2011

Max O. Cogburn Jr.
United States District Judge