IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv526
[BR 10-33189 & 10-03300]

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| REGINA BOSTON, | ) | Bankruptcy Case Number |
| | ) | 10-33189 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | ORDER |
| | ) | |
| REGINA BOSTON, | ) | |
| | ) | |
| Appellant/Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| EDUCATIONAL CREDIT | ) | |
| MANAGEMENT CORPORATION, | ) | |
| | ) | Adversary Proceeding Number |
| Appellee/Defendant. | ) | 10-03300 |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on review of appellant's un-captioned pleading, which has been determined to be a "Petition to Vacate a Void Judgment and Collateral Attack Under Authority of North Carolina Statute." (#8). Review of the earlier pleadings in this matter reveals that this appeal was dismissed November 21, 2011, for failure of appellant to pay the filing fee of $255.00, due pursuant to 28 U.S.C. § 1930. On October 20, 2011, appellant was notified in writing and given 14 days to pay such fee. On October 31, 2011, appellant filed a Motion to Proceed *In Forma Pauperis*, which the bankruptcy court denied on November 14, 2011, based on appellant's financial circumstances as established at trial. In turn, this appeal was dismissed. See Order (#6). The time for appealing such determination having run, such is a final Order.

Turning to the instant motion, appellant makes a number of conclusory legal arguments in an attempt to void an unspecified judgment. While the court will assume that such judgment is one entered in the bankruptcy court, that judgment is not now before this court. Assuming further that plaintiff is attempting to invoke Rule 60(b)(4) of the Federal Rules of Civil Procedure, and not the state rules cited, Rule 60(b) can afford her no relief in this court, as a Rule 60 motion seeks reconsideration by the court that entered the judgment. Specifically, Rule 60(b) provides for post-judgment relief where the moving party demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). As this court has entered no judgment, it can provide appellant no post-judgment relief.

Reading such motion even broader as seeking reconsideration of this court's Order dismissing the appeal, appellant has provided absolutely no legal or equitable reason why such Order should be reconsidered. Indeed, there is no indication that she has attempted to even pay the required filing fee.

Finally, to the extent such motion relates to appellant's marking the court's previous Order (#6) as "VOID" and returning it to this court (see Notice, Docket Entry #7), such filing is of no legal significance.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Petition to Vacate a Void Judgment and Collateral Attack Under Authority of North Carolina Statute" (#8) is **DISMISSED** as non-justiciable.

Signed: March 8, 2012

Max O. Cogburn Jr.
United States District Judge